UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>    Petitioner,<br><br>    v.<br><br>BARRACK OBAMA, et al.,<br><br>    Respondent. | Case No.: 1:15-cv-01192-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION (Doc. 1)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDERING DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Mr. Hubbard alleges he is in custody of the California Department of Corrections and Rehabilitations, serving a determinate sentence of 24 years, 8 months, and an indeterminate sentence of 15-years-to-life, after a 2011 conviction in the Superior Court of Kern County.

**I.   DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574

(9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner does not challenge his 2011 conviction in the Superior Court. Rather, Petitioner makes a series of allegations related to the conditions of his confinement as follows: (1) Petitioner was harassed and assaulted during pre-trial detention; (2) he was the subject of "cruel and unusual punishment" in a prison hospital; (3) he was a victim of excessive force and harassment by police; (4) he was "validated" as a terrorist and subjected to administrative segregation in prison; (5) he was assault and insulted; (6) Petitioner was deprived of personal property in prison; (7) Petitioner was "obstructed from court"; (7) Petitioner was illegally "exploited and interrogated"; (8) he was sexually harassed; (9) Petitioner was assaulted with a deadly weapon; and (10) he was denied access to the prison law library. (Doc. 1, pp. 19-20).

Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. No relief requested by Petitioner in his petition would affect the fact or duration of Petitioner's sentence. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must

be dismissed.[1]  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## ORDER

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for Petitioner's failure to state any cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed **within 10 court days** after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 6, 2015**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is confident that Petitioner, who is a frequent filer in this Court, is well aware of the requirements of habeas corpus petitions as distinct from those for filing civil rights complaints.  Indeed, Petitioner has a pending habeas petition, case no. 1:13-cv-01758-LJO-JLT, which itself is a combination of two previously filed habeas petitions, challenging his 2011 conviction.  In this Court, Petitioner has filed approximately 20 habeas petitions, many of which have been dismissed for challenging prison conditions rather than the fact or duration of his confinement.  Moreover, he has filed than 25 cases challenging the conditions of his confinement in this Court.